IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUETA M., <br><br> Claimant, <br><br> v. <br><br> LELAND DUDEK, <br> Acting Commissioner of Social Security, <br><br> Respondent. | No. 22 C 2644 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Marqueta M.[1] ("Claimant") seeks review of the final decision of the Acting Commissioner of the Social Security Administration[2] ("Commissioner"), denying her application for supplemental security income. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 6]. After reviewing the record and the parties' briefs, the Court denies Claimant's Brief in Support of Remand of the Final Decision of the Social Security Administration [ECF No. 15] and grants the Commissioner's Motion for Summary Judgment [ECF No. 16]. The final decision of the Commissioner is affirmed.

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Leland Dudek was appointed as Acting Commissioner of the Social Security Administration on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

1

# BACKGROUND

## I. Procedural History

On January 23, 2020, Claimant filed an application for supplemental security income, alleging a disability beginning April 1, 2018. (R.15). Claimant subsequently amended her application to specify an onset date of October 1, 2019. (R.15). Claimant is eligible for benefits, however, only since January 23, 2020, the date she filed her application for supplemental security income. (R.15). Claimant's application was denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R.15). A telephonic hearing was held on May 4, 2021, and all parties participated by telephone. Claimant testified at the hearing and was represented by a non-attorney representative. A vocational expert also testified. (R.15). On June 3, 2021, the ALJ denied Claimant's application for supplemental security income, finding her not disabled under the Social Security Act. (R.15-28). The Appeals Council denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Claimant then filed this lawsuit seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## II. The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must consider whether: (1) the claimant performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since January 23, 2020, the date she filed her application. (R.19). At step two, the ALJ found Claimant had the following severe impairments: lumbar spinal degenerative disc disease, bilateral sacroiliac joint sclerosis, obesity, unspecified depressive disorder and unspecified anxiety disorder. (R.17). At step three, the ALJ found that none of Claimant's impairments met or equaled any of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (R.18). With respect to Claimant's mental impairments, the

ALJ undertook the paragraph B analysis and determined that Claimant had mild limitations in understanding, remembering or applying information and in adapting and managing herself and moderate limitations in interacting with others and in concentrating, persisting or maintaining pace. (R.20-21). Before step four, the ALJ determined:

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except the claimant: can stand and/or walk at least six out of eight hours in a workday; can sit six to eight hours in an eight hour workday; can frequently lift and carry up to twenty-five pounds, and occasionally lift and carry up to fifty pounds; can occasionally climb ladders, ropes and scaffolds; should avoid concentrated exposure to unprotected heights, moving and hazardous machinery, noise, extreme humidity, and dust, odors, fumes and gases; is limited to simple and routine, unskilled jobs, with one to three step instructions and routine changes only; can have occasional contact with the general public; and should work primarily alone, having only occasional contact with coworkers.

(R.21). At step four, the ALJ found that Claimant did not have any past relevant work. (R.26). At step five, the ALJ found there were other jobs in the national economy Claimant could perform based on the testimony of the vocational expert who opined that Claimant could perform the jobs of janitor, packer and bagger. (R.27). Based on these findings, the ALJ concluded Claimant was not disabled. (R.27-28).

## DISCUSSION

### I. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision, therefore, is limited to determining whether the ALJ's findings are supported by

4

substantial evidence and whether the ALJ applied the correct legal standard in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we required is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). The court may not substitute its judgment for that of the Commissioner

by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## II. Analysis

Claimant argues the ALJ's decision cannot stand in this case because: (1) the ALJ's finding relating to the intensity, persistence and limiting effects of Claimant's mental health symptoms are not supported by substantial evidence; (2) the RFC is not complete because it does not include limitations for Claimant's deficiencies in concentrating, persisting or maintaining pace; and (3) the ALJ improperly discounted the opinion of Dr. Amdur. The Court will address each argument below.

### A. The ALJ's Findings Relating to Claimant's Mental Health Symptoms Are Supported by Substantial Evidence

In her first argument challenging the ALJ's decision, Claimant broadly attacks the ALJ's findings regarding the severity and limiting effects of her mental health symptoms and argues that the ALJ unreasonably evaluated Claimant's subjective symptoms and complaints. Claimant's Brief [ECF No. 15], at 5-11. The Court disagrees.

The subjective symptom analysis evaluates the intensity and persistence of alleged symptoms using a variety of relevant factors such as treatment history, failure to pursue treatment, objective medical evidence, activities of daily living, medical opinions, and a claimant's own statements. 20 C.F.R. § 416.929(c); Social

6

Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *5-8 (Oct. 25, 2017). An ALJ's subjective symptom assessment is entitled to deference and should be upheld unless patently wrong. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Only when an ALJ's assessment "lacks any explanation or support . . . will [the court] declare it to be 'patently wrong.'" *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) (citations omitted). Further, an ALJ is only required to give reasons sufficient to provide a fair sense of how she assessed a claimant's statements, and the court should affirm an ALJ's finding so long as she gave specific reasons that are supported by the record. *See* SSR 16-p, 2017 WL 5180304; *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004).

Here, the ALJ relied on Claimant's own statements, normal mental status findings, and her treating psychiatrist's notes in finding her alleged symptoms were mild and not as disabling as she claimed. Citing to evidence in the record, the ALJ found that Claimant's statements about the intensity, persistence, and limiting effects of her symptoms "are inconsistent because although the claimant reported mental health symptoms, the claimant generally had normal mental status examinations. (Ex. 4F, p.9; Ex. 6F, p.9; Ex. 9F, p.3; Ex. 15F, p.4; Ex. 17F, p.7; Ex. 19F, p.9; Ex. 21F, p.2). Her depression was described as mild. (Ex. 4F, p.10). The claimant reported improvement with medication. (Ex. 6F, p.14; Ex. 8F, p.77; Ex. 12F, p.91; Ex. 13F, p.139; Ex. 17F, p.2). On March 8, 2021, the claimant reportedly had no depression, anxiety, or agitation. (Ex. 20F, p.8)." (R.23).

Claimant's burden is a heavy one, and she has to show the ALJ's assessment of her symptoms was "patently wrong" which means that the decision "lacks any explanation or support." *Hess v. O'Malley*, 92 F.4th 671, 679 (7th Cir. 2024); *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014). In the Court's view, Claimant falls short of that mark here. When making her RFC assessment, the ALJ explained:

> The claimant's mental impairments support the non-exertional limitations in the ability to perform work tasks and interact with others. The claimant received counseling, case management services, and medication for mental impairments. (Ex. 4F; Ex. 7F; Ex. 8F; Ex. 12F; Ex. 13F; Ex. 17F; Ex. 17F; Ex. 18F; Ex. 22F). The claimant reported she did not spend time with others. (Ex. 3E, p.5). She reportedly did not like spending time with many people, and must use public transportation during off peak hours. (Ex. 5E, p.1; Ex. 10E, p.4; Hearing Testimony). The claimant reported difficulty concentrating, following instructions, or completing tasks. (Ex. 3E, p.1 and 6; Ex. 9E, p.1). She reported that she must ask questions repeatedly, and could not follow instructions well. (Ex. 3E, p.6). Upon examination, the claimant was unable to recall a series of numbers forward and backward, past four digits. She did not recall a recent news story. (Ex. 14F, p.2). However, greater limitations were not supported. The claimant generally had normal mental status examinations. (Ex. 4F, p.9; Ex. 6F, p.9; Ex. 9F, p.3; Ex. 15F, p.4; Ex. 17F, p.7; Ex. 19F, p.9; Ex. 21F, p.2). Her depression was described as mild. (Ex. 4F, p.10). The claimant reported improvement with medication. (Ex. 6F, p.14; Ex. 8F, p.77; Ex. 12F, p.91; Ex. 13F, p.139; Ex. 17F, p.2). In November 2020, the claimant reported doing better physically and mentally. (Ex. 18F, p.1).

(R.26). With multiple citations to the record, the ALJ specifically discussed and analyzed Claimant's alleged symptoms and reasonably determined that some of her alleged symptoms were not fully corroborated by the record.[3] Although Claimant

---

[3] *See Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported

disagrees with the ALJ's assessment and wants the evidence to be weighed differently, she has not shown the ALJ's evaluation of her mental health symptoms was not supported by the evidence. *See Horr v. Berryhill*, 743 F. App'x 16, 19-20 (7th Cir. 2018).

Among other complaints, Claimant objects to the ALJ's reliance on her reports of improvement because she believes the evidence showed she still had residual symptoms. Claimant argues the ALJ ignored her statements that she still experienced anxiety and that adjustments in her medication proved she "continued to experience serious and unmanaged symptoms." Claimant's Brief [ECF No. 15], at 8-9. Contrary to Claimant's argument, however, the ALJ did not find evidence of Claimant's improvement suggested that her symptoms were completely resolved. Rather, the ALJ acknowledged Claimant's testimony related to ongoing symptoms despite treatment, and the ALJ found Claimant had some functional limitations associated with those symptoms and resulting mental impairments and she included specific restrictions in the RFC to account for those deficiencies. (R.21-22). At base, Claimant wants this Court to weigh the record evidence differently than the ALJ did, which the Court cannot do. *See Alisa M. v. Kijakazi*, 2022 WL 1104513, at *3 (N.D. Ill. Apr. 13, 2022) ("Again, the ALJ is not required to confront every piece of evidence…. In fact, similar to above, the Plaintiff fails to cite to a specific line of evidence the ALJ ignored, instead asking the Court to reweigh the evidence, which it

---

by the record.") (citation omitted); *Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and [the claimant's] daily activities did not corroborate his subjective symptoms.").

will not do."). Accordingly, Claimant's challenge to the ALJ's assessment of her mental health symptoms is not persuasive under the applicable legal standards, and remand on this issue is not required.

## B. The RFC Is Supported by Substantial Evidence

Next, Claimant argues that the RFC is incomplete because it does not adequately address her moderate limitations in concentration, persistence or pace, and therefore, remand is required. Claimant's Brief [ECF No. 15], at 12. The Court disagrees. The RFC is an assessment of the maximum work-related activities a claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004). Social Security regulations require the ALJ to "discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule) …." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also Madrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022).

To account for Claimant's mental impairments, the ALJ included the following restrictions in the RFC and limited Claimant "to simple and routine, unskilled jobs, with one to three step instructions and routine changes only; can have occasional contact with the general public; and should work primarily alone, having only occasional contact with coworkers." (R.21). In support of the RFC, the ALJ specifically stated:

> The claimant's mental impairments support the non-exertional limitations in the ability to perform work tasks and interact with others. The claimant received counseling, case management services, and medication for mental impairments. (Ex. 4F; Ex. 7F; Ex. 8F; Ex. 12F;

10

> Ex. 13F; Ex. 17F; Ex. 17F; Ex. 18F; Ex. 22F). The claimant reported she did not spend time with others. (Ex. 3E, p.5). She reportedly did not like spending time with many people, and must use public transportation during off peak hours. (Ex. 5E, p.1; Ex. 10E, p.4; Hearing Testimony). The claimant reported difficulty concentrating, following instructions, or completing tasks. (Ex. 3E, p.1 and 6; Ex. 9E, p.1). She reported that she must ask questions repeatedly, and could not follow instructions well. (Ex. 3E, p.6). Upon examination, the claimant was unable to recall a series of numbers forward and backward, past four digits. She did not recall a recent news story. (Ex. 14F, p.2). However, greater limitations were not supported. The claimant generally had normal mental status examinations. (Ex. 4F, p.9; Ex. 6F, p.9; Ex. 9F, p.3; Ex. 15F, p.4; Ex. 17F, p.7; Ex. 19F, p.9; Ex. 21F, p.2). Her depression was described as mild. (Ex. 4F, p.10). The claimant reported improvement with medication. (Ex. 6F, p.14; Ex. 8F, p.77; Ex. 12F, p.91; Ex. 13F, p.139; Ex. 17F, p.2). In November 2020, the claimant reported doing better physically and mentally. (Ex. 18F, p.1).

(R.26). The law is clear that when assessing a claimant's RFC, the ALJ must point to evidence in the record that supports the limitations included in the RFC assessment. *Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011); SSR 96-8p ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts…."). In the Court's view, the ALJ did exactly that in this case, and she cites to multiple medical records in evidence as support for her conclusions.

Claimant again goes through a litany of record cites essentially arguing that the ALJ should have weighed the evidence differently. The Court cannot do that. The fact that there is more than one way to look at a record like this—that reasonable minds might differ over the result—shows why the court is not permitted to reweigh evidence on substantial evidence review. *See, e.g., Chavez v. O Malley*, 96 F.4th 1016, 10121 (7th Cir. 2024); *Tutwiler*, 87 F.4th 853, 859 (7th Cir. 2023). Viewing the record as a whole, the Court finds that the ALJ more than adequately built a logical bridge

11

from the evidence to her conclusion on Claimant's mental RFC. *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (holding that an RFC providing for routine tasks and limited social interactions adequately accommodated moderate deficits in concentration, persistence or pace). Here, in the Court's view, the RFC adequately accounted for Claimant's moderate limitations in concentration, persistence, and pace and that finding is supported by substantial evidence. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (recognizing that courts "apply a very deferential standard of review to the ALJ's decision"); *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (explaining that substantial evidence is "not a high threshold").

For these reasons, Claimant's request to remand the case for further consideration on this issue is denied.

### C. The ALJ's Assessment of Dr. Amdur's Opinion Is Supported by the Record

Claimant's final argument is that the ALJ improperly discounted the opinion of Dr. Amdur. Claimant's Brief [ECF No. 15], at 13-15. The Court again disagrees with Claimant. The record shows that Dr. Amdur examined Claimant only one time, on November 21, 2019, two months before Claimant filed her application for supplemental security income. (R.24). The ALJ noted that Dr. Amdur found significant limitations in Claimant's ability to function, including an inability to effectively interact with groups of people, coworkers and supervisors, an inability to tolerate work stress, and a diminished capacity to concentrate with problems maintaining and sustaining attention on simple job tasks, among other limitations. (R.24). The ALJ was not persuaded by Dr. Amdur's opinion and specifically stated:

12

> The examination of Dr. Amdur did not support these limitations. Upon examination, the claimant had modest personal hygiene and grooming and was somewhat unkempt. She was restless, tense, and apprehensive. The claimant had difficulty with speech clarity. Her affect was labile, tearful, and depressed. (Ex. 5F, p.5). However, the claimant could focus and understood the questions put to her. Upon examination, the claimant had no bizarre or inappropriate behavior. She was cooperative and had easily directed conversation. Further, the claimant named three big cities, and correctly spelled "world" backwards. (Ex. 5F, p.5). This opinion is not consistent with the evidence of record as a whole. Upon examination on September 30, 2020, the claimant could recall three out of three items, knew the name of the current president, and could perform simple arithmetic. Her memory, appearance, behavior, and ability to relate was normal. (Ex. 15F, p.4). The claimant generally had normal mental status examinations. (Ex. 4F, p.9; Ex. 6F, p.9; Ex. 9F, p.3; Ex. 15F, p.4; Ex. 17F, p.7; Ex. 19F, p.9; Ex. 21F, p.2). Additionally, the claimant reported improvement with medication. (Ex. 6F, p.14; Ex. 8F, p.77; Ex. 12F, p.91; Ex. 13F, p.139; Ex. 17F, p.2).

(R.24).

The ALJ explained why she concluded that Dr. Amdur's opinion was not supported by a sufficient explanation and was not consistent with the record as a whole. (R.24). Notably, among other evidence, the ALJ relied on the fact that Dr. Amdur examined Claimant prior to the start of the relevant period of disability in this case and prior to the start of Claimant's mental health treatment, which as discussed above, the ALJ found established a record that supported her finding that Claimant improved with treatment. The ALJ also found that Dr. Amdur's opinion, which was based on only one interaction with Claimant, was inconsistent with other evidence in the record adduced well after that interaction. (R.24-26). The Court finds that the ALJ's explanation is more than adequate to support her decision to give little weight to Dr. Amdur's opinion, and therefore, remand is not required on this issue.

13

## CONCLUSION

Accordingly, for all of the reasons set forth above, Claimant's Brief in Support of Remand of the Final Decision of the Social Security Administration [ECF No. 15] is denied, and the Commissioner's Motion for Summary Judgment [ECF No. 16] is granted. The final decision of the Commissioner is affirmed, and this case is closed.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 31, 2025